IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV138-01-MU

| | |
|---|---|
| JAMEY LAMONT WILKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R** |
| OFFICER GADDY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed March 27, 2008.

In his Complaint Plaintiff alleges that on June 13, 2007, while he was in maximum control at Lanesboro Correctional Institution, Defendant Gaddy, a correctional officer, entered his cell and used "unwarranted excessive force by attacking the unrestrained plaintiff." Plaintiff alleges that as a result of this incident he sustained multiple physical injuries including "a bruised heel, low back pain, increased blood pressure, as well as migraine headaches and dizziness." Plaintiff also alleges that he suffered psychological injuries such as anxiety, depression, and panic attacks.

In order to state an excessive force claim under the Eighth Amendment,[1] a plaintiff must establish that he received more than a *de minimus* injury. See Riley v. Dorton, 115 F.3d 1159,

---

[1] Given the fact that the Plaintiff was a convicted felon at the time of the alleged incident, his excessive force claim is governed by the Eighth Amendment.

1166 (4th Cir. 1997)(en banc)(relying upon Bell v. Wolfish, 441 U.S. 520 (1979)); Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998)(en banc). The *de minimus* requirement reflects the reality of the custodial setting which indicates that "[t]he Eighth and Fourteenth Amendments . . . establish only qualified standards of protection for prisoners and pretrial detainees against 'cruel and unusual punishment' and against 'excessive force that amounts to punishment." Riley, 115 F.3d at 1167. For this same reason, the Fourth Circuit has noted that "inherent in the Eighth and Fourteenth Amendments is the principle that 'not every malevolent touch by a prison guard gives to rise to a federal cause of action . . . Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoners constitutional rights.'" Riley, 115 F.3d at 1167 (citations omitted).

Even taking Plaintiff's version of the events as true, he simply has not alleged that he suffered anything more than a de minimus injury. See Taylor, 155 F.3d at 483-86 (plaintiff's claim failed as a matter of law despite allegations that police hit him in the back, punched his ribs, placed knee in lower part of his back, while grabbing his head and pulling it backward until his back popped and shoved a wooden object into his nose with such force that his nose hemorrhaged where his medical records showed Plaintiff was only treated for abrasions on his wrists and ankles, slight swelling in jaw area, tenderness in some ribs and some excoriation of mouth and therefore did not substantiate plaintiff's claims of injury); Riley, 115 F.3d at 1167-68 (plaintiff's claim failed as a matter of law despite allegations that he suffered pain from cuffs, pain and welt from slap, fear for life and safety as well as nightmares and depression where despite a large volume of complaints there was no mention of injury related to incident). The Court's conclusion that the injuries alleged by Plaintiff are de minimus is further supported by

the fact that even though the alleged event occurred ten months ago, nowhere does Plaintiff allege that his alleged medical injuries required any medical attention – he does not allege that he has been treated by a doctor or diagnosed with any of these alleged ailments. Consequently, Plaintiff's claim fails as a matter of law.

**THEREFORE, IT IS HEREBY ORDERED that** Plaintiff's Complaint is **DISMISSED**.

Signed: April 16, 2008

Graham C. Mullen
United States District Judge