UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-CV-138-01-MU

| JAMEY LAMONT WILKINS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) O R D E R |
| OFFICER GADDY, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Reconsideration (Doc. No. 5), filed on April 22, 2008, and Plaintiff's "Motion for Leave to File an Amended Complaint" (Doc. No. 8), filed on May 19, 2008.

On March 27, 2008, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) On April 16, 2008, holding that the injuries claimed by Plaintiff were de minimus and that Plaintiff had failed to provide evidence supporting his claims, this Court dismissed Plaintiff's Complaint. (Doc. No. 3.) Plaintiff then filed the instant motions.

The Fourth Circuit has held that reconsideration is "an extraordinary remedy" that should be only "sparingly" used. Pacific Insurance Company v. American National Fire Insurance Co. 148 F. 3d 396, 403 (4th Cir. 1998). Reconsideration can only be granted on three grounds: (1) to accommodate an intervening change in controlling law; (2) to consider new evidence not previously available; or (3) to correct a clear error of law. See Hutchinson v. Staton, 994 F. 2d 1076 (4th Cir. 1993), Xoom, Inc. v. Imageline, Inc., 93 F. Supp. 2d 688 (E.D. Va. 1999). The

evidence presented by Plaintiff in his motion to reconsider does not on its face appear to be "new evidence not previously available." Plaintiff does not even allege that the evidence at issue was not previously available. As such, Plaintiff's Motion to Reconsider is denied on that basis. However, out of an abundance of caution, this Court will address the lack of merit of Plaintiff's Motion to Reconsider.

In his Complaint, Plaintiff alleged that on June 13, 2007, while he was in maximum control at Lanesboro Correctional Institution, Defendant Gaddy, a correctional officer, entered his cell and used "unwarranted excessive force by attacking the unrestrained plaintiff." Plaintiff further alleged that as a result of this incident he sustained multiple physical injuries including "a bruised heel, low back pain, increased blood pressure, as well as migraine headaches and dizziness." In addition, Plaintiff alleged that he suffered psychological injuries such as anxiety depression and panic attacks. In the instant Motion to Reconsider,[1] Plaintiff attached medical records from the prison that were not included in the original complaint.[2]

As stated in the Court's dismissal order, in order to establish a claim of excessive force under the Eighth Amendment, a plaintiff must show that his injuries are more than de minimus. See Riley v. Dorton, 115, F.3d 1159, 1166 (4th Cir. 1997)(en banc) (relying upon Bell v. Wolfish, 441, U.S. 520 (1979)); Taylor v. McDuffie, 155 F.3d 479 (4th Cir. 1998)(en banc). The de minimus requirement reflects the reality of the custodial setting which indicates that "[t]he

---

[1] Judgment was entered against Petitioner by Order (Doc. No. 3) dated April 16, 2008. A motion to alter or amend judgment filed within ten days of entry of judgment is properly considered a Rule 59(e) motion regardless of how it is styled; a motion filed later than ten days after entry of judgment is considered a Rule 60 motion. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). Petitioner's Motion was filed on April 22, 2008, so this Court will construe his Motion as a Rule 59 motion

[2] Plaintiff offers no explanation as to why these documents were not provided initially.

Eighth and Fourteenth Amendents . . . establish only qualified standards of protection for prisoners and pretrial detainees against 'cruel and unusual punishment' and against 'excessive force that amounts to punishment." Riley, 115 F.3d at 1167. The Fourth Circuit has noted that "inherent in the Eighth and Fourteenth Amendments is the principle that 'not every malevolent touch by a prison guard gives rise to a federal cause of action . . . not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" Riley, 115 F.3d at 1167.

Even taking into consideration Plaintiff's medical records, Plaintiff has not established that the injuries he suffered were more than de minimus. Several of the injuries he lists were pre-existing conditions. According to the medical records submitted with the Motion, Plaintiff was treated for high blood pressure in March of 2007, more than two months prior to the incident which precipitated his § 1983 claim. Without proof that the alleged violence which precipitated the § 1983 claim actually caused the plaintiff's blood pressure condition to worsen, a plaintiff can have no basis for a claim. See Andrews v. Elkins, 277 F. Supp. 2d 488, 492 (W.D.N.C. 2002) (holding that Plaintiff, who was on medication to control high blood pressure at the time of the incident, had no basis for a claim absent proof that the alleged incident of excessive force actually increased blood pressure). Plaintiff has made no such showing in the present case, and his medical records do not support such a claim.

Plaintiff also alleged that Defendant's use of excessive force caused him to suffer anxiety, depression, and panic attacks. Again, Plaintiff's medical records also show that he had a preexisting mental condition and was admitted for mental health issues in March of 2007, well before the alleged incident. Again, Plaintiff makes no showing that the alleged incident was the

3

cause of his mental health problems. Moreover, even if the incident had caused anxiety and depression in a patient with no history of such symptoms, such injuries have been held to be de minimus. Owens v. Padula, No. 8:06-3014-GRA-BHH, 2007 U.S. Dist. LEXIS 52511 (D.S.C. 2007) (holding that anxiety and depression, even when treated with medication, are de minimus injuries).

While Plaintiff's medical records show that he received an X-ray on June 20, 2007, about one week after the alleged incident, to examine his "bruised heel," this Court notes that bruising is generally considered a de minimus injury. Taylor, 155 F.3d at 484 (bruising is a de minimus injury); Stanley v. Hejirika, 134 F.3d 629, 637-38 (4th Cir. 1998) (holding that a plaintiff with bruises all over his body and a loosened tooth did not have more than a de minimus injury).

Plaintiff also complained of low back pain and migraine headaches. Though the medical records show that on the same date Plaintiff was sent for further tests to evaluate his headaches, general back pain and headaches similar to Plaintiff's are de minimus injuries. See Alexander v. Rice, No. 1:04-CV-180-01-MU, 2006 U.S. Dist. LEXIS 49572 (W.D.N.C. July 18, 2006) (dismissing the Complaint of a plaintiff who complained of lower back pain and took migraine medication because there was no objective manifestation of these de minimus injuries); Marshall v. Odom, 156 F. Supp. 2d 525, 531 (D. Md. 2001) (holding that headache, facial abrasions, numbness, and swelling were de minimus injuries). Moreover, Plaintiff has not alleged any facts to cause these alleged injuries to rise above the level of a de minimus injury.

Because the documents submitted by Plaintiff with his Motion for Reconsideration fail to show that his injuries are more than de minimus, this Court denied the instant Motion for Reconsideration on that basis as well.

Plaintiff has also filed a Motion for Leave to Amend Complaint. Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend will be freely granted were justice so requires. Fed. R. Civ. P. 15(a). A district court may not deny a motion to amend "simply because it has entered judgment against the plaintiff-be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (en banc). A post-judgment motion to amend is "evaluated under the same legal standard as a similar motion filed before judgment was entered-for prejudice, bad faith, or futility." Id.. However, a district court may not grant a post-judgment motion to amend "unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b)." Id. at 427-28. As noted above, Plaintiff has not established an adequate basis for relief under Rule 59(e) or Rule 60. Accordingly, the Motion for Leave to Amend is denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration (Doc. No. 5) and Motion for Leave to File an Amended Complaint (Doc. No. 8) are **DENIED.**

    Signed: August 25, 2008

Graham C. Mullen
United States District Judge