**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:08-cv-138-RJC**

| | |
|---|---|
| JAMEY LAMONT WILKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )     <u>ORDER</u> |
| OFFICER GADDY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**THIS MATTER** comes before the Court upon Defendant Alexander Gaddy's

("Defendant") Motion to Dismiss, (Doc. No. 50), filed on June 21, 2012, and Plaintiff Jamey

Lamont Wilkins's ("Plaintiff") Response in Opposition, (Doc. No. 71), filed July 13, 2012.  This

matter is set for trial on July 23, 2012.

**I.     BACKGROUND**

Plaintiff, a North Carolina prisoner, filed the instant civil rights suit on March 27, 2008.

The action named Defendant Gaddy, a former correctional officer, as Defendant, alleging that he

assaulted Plaintiff in violation of the Eighth Amendment.  On July 28, 2008, Plaintiff filed a

negligence suit against the North Carolina Department of Corrections for the actions of a

different correctional officer, Anthony Barker.  In both suits, Wilkins alleged the same facts: that

Defendant intentionally assaulted him after Officer Barker negligently opened Wilkins's cell

door.  On May 24, 2011, the Industrial Commission awarded Plaintiff $500 for Officer Barker's

negligence.

**II.     STANDARD OF REVIEW**

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject

matter of the lawsuit. FED. R. CIV. P. 12(b)(1). "If the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). The

plaintiff has the burden of proving that subject matter jurisdiction exists. Adams v. Bain, 697

F.2d 1213, 1219 (4th Cir. 1982). When a defendant challenges subject matter jurisdiction

pursuant to Rule 12(b)(1), "the district court is to regard the pleadings' allegations as mere

evidence on the issue, and may consider evidence outside the pleadings without converting the

proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v.

U.S., 945 F.2d 765, 768 (4th Cir. 1991). The district court should grant a Rule 12(b)(1) motion

to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is

entitled to prevail as a matter of law." Evans v. B.F. Perkins Co., a Div. Of Standex Intern.

Corp., 166 F.3d 642, 647 (4th Cir. 1999).

## III.    DISCUSSION

Defendant argues that this Court does not have subject matter jurisdiction over this case

because Plaintiff's cause of action is barred by issue and claim preclusion.

### A.    Claim Preclusion

The doctrine of res judicata, or claim preclusion, embodies the general rule that "[a] final

judgment rendered by a court of competent jurisdiction, on the merits, is conclusive as to the

rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent

action involving the same claim, demand, and cause of action." Gaither Corp. v. Skinner, 85

S.E.2d 909, 911 (N.C. 1955) (internal quotation marks omitted). "The bar of the judgment in

such cases extends not only to matters actually determined, but also to other matters which in the

exercise of due diligence could have been presented for determination in the prior action." Id. at

911; see also City of Asheville v. State, 665 S.E.2d 103, 115 (N.C. Ct. App. 2008).

Plaintiff filed the instant action on March 27, 2008, alleging that Defendant Gaddy intentionally assaulted Plaintiff in violation of the Eighth Amendment. Plaintiff filed a negligence suit with the North Carolina Industrial Commission on July 28, 2008, alleging that North Carolina Department of Corrections Officer Barker negligently opened the Plaintiff's cell door, allowing Defendant Gaddy to assault him. Plaintiff received a final judgment on the merits of his Industrial Commission claim on May 24, 2011.

The Industrial Commission has jurisdiction over tort claims brought against any agency of the State of North Carolina that arise as a result of the negligence of a State employee. N.C. GEN. STAT. § 143-291. The State Tort Claims Act constitutes a limited waiver of the State's sovereign immunity. Guthrie v. N.C. State Ports Authority, 299 S.E.2d 618, 625 (N.C. 1983) ("Traditionally, the State has maintained its sovereign immunity in tort actions. However, the Tort Claims Act . . . waived the sovereign immunity of the State in those instances in which injury is caused by the negligence of a State employee . . . ."). Plaintiff was unable to litigate his Eighth Amendment claim regarding Defendant's intentional conduct in the Industrial Commission because the State Tort Claims Act does not permit suits based on intentional conduct. N.C. GEN. STAT. § 143-291; White v. Trew, 720 S.E.2d 713, 717 (N.C. App. 2011) ("Suits against the State, its agencies and its officers for alleged tortious acts can be maintained only to the extent authorized by the Tort Claims Act, and that Act authorizes recovery only for negligent torts. Intentional torts committed by agents and officers of the State are not compensable under the Tort Claims Act."). And Plaintiff was unable to litigate his claim regarding Officer Barker's conduct in federal court because Officer Barker's conduct was negligent and there is no subject matter jurisdiction in federal court to litigate against a state employee for negligent conduct. Accordingly, Plaintiff was required to split up his claims.

Defendant's argument that Plaintiff's Eighth Amendment Claim is precluded by the May 24, 2011 decision of the North Carolina Industrial Commission is misguided. No court has yet adjudicated whether Defendant's intentional conduct constitutes an Eighth Amendment violation.

B.      Issue Preclusion

The doctrine of collateral estoppel, also referred to as "issue preclusion,"

> precludes relitigation of a fact, question or right in issue when there has been a final judgment or decree, necessarily determining the fact, question or right in issue, rendered by a court of record and of competent jurisdiction, and there is a later suit involving an issue as to the identical fact, question or right theretofore determined, and involving identical parties or parties in privity with a party or parties to the prior suit.

State v. Summers, 528 S.E.2d 17, 20 (N.C. 2000) (quotations omitted); see also City of Asheville v. State, 665 S.E.2d at 117 (stating that "where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered"). "When a fact has been . . . decided in a court of record, neither of the parties shall be allowed to call it in question, and have it tried over again at any time thereafter, so long as the judgment or decree stands unreversed." Summers, 528 S.E.2d at 20.

Both parties urge this Court to find issue preclusion. Defendant contends that this Court does not have subject matter jurisdiction over the present cause of action because the Industrial Commission already made findings of fact identical to those at issue here. Plaintiff argues that this Court should be bound by the findings of the Industrial Commission, but contends that the suit should go forward.

However, issue preclusion does not apply because the parties involved in the action

before the Industrial Commission were not "identical parties or parties in privity with a party or parties" to the present suit. <u>Summers</u>, 528 S.E.2d at 20. The parties before the Industrial Commission were Wilkins and the NC DOC. Here, the parties are Wilkins and Gaddy. Although Gaddy was an employee of the NC DOC, this relationship is insufficient to find privity. <u>See</u> <u>Gregory v. Penland</u>, 634 S.E. 2d 625, 630 (N.C. Ct. App. 2006) (It is "well established that the relationship of principal and agent or master and servant does not create the privity required for res judicata).

## IV.    CONCLUSION

Plaintiff's Eighth Amendment Claim is not precluded by the May 24, 2011 decision of the North Carolina Industrial Commission. Further, the parties in the action before the Industrial Commission were not identical or in privity to the parties in the present action and, therefore, issue preclusion does not apply here.

**IT IS, THEREFORE, ORDERED** that Defendant Gaddy's Motion to Dismiss, (Doc. No. 50), is **DENIED**.

Signed: July 17, 2012

Robert J. Conrad, Jr.
Chief United States District Judge