IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:08-CV-00138-RJC-DSC

| | | |
|---|---|---|
| JAMEY L. WILKINS, | ) | |
| | ) | |
| Plaintiff, | ) | **JOINT** |
| | ) | **CONSENT PROTECTIVE ORDER** |
| v. | ) | |
| | ) | Fed. R. Civ. P. 26 |
| OFFICER ALEXANDER GADDY, | ) | |
| | ) | |
| Defendant. | ) | |

On July 18, 2012, this Court entered an Order directing defense counsel to produce to Plaintiff's counsel a copy of the personnel file of Defendant Alexander Gaddy. (Doc. No. 75) Production of Defendant Gaddy's personnel file under court order requires the production of information (which term includes data or data compilations in the form of documents, electronic media, testimony, or any other form or medium) that is confidential pursuant to N.C.G.S. §§ 126-22 and -24. Therefore, good cause exists for the entry of a protective order limiting the disclosure of such information. Pursuant to Fed. R. Civ. P. 26(c), it is ORDERED as follows:

1. **Scope of the Order**. This Order applies to the Confidential Information found in the Personnel File of Defendant Alexander Gaddy, provided that the presiding judge shall determine the procedure for presentation of Confidential Information at pre-trial hearings and trial.

2. **Use of Confidential Information**. All Confidential Information, as defined in this Order, shall be used solely in the prosecution or defense of this action including, but not limited to, mediation, other alternative dispute resolution processes, any other settlement process, and all other pretrial, trial, and post-trial proceedings in this action, and shall not be

used or disclosed by any person for any other purpose.

    3.    **Disclosure**. "Disclose" or "disclosure" means to provide, impart, transmit, transfer, convey, publish, or otherwise make available.

    4.    **Confidential Information**. "Confidential Information" consists of "General Confidential Information" and "Attorneys' Eyes Only Confidential Information," which are defined as follows:

        a.    "General Confidential Information" means the Personnel File, as that term is defined in N.C.G.S. § 126-22(3), maintained by the North Carolina Department of Public Safety[1]("NCDPS") of Defendant Alexander Gaddy.

        b.    "Attorneys' Eyes Only Confidential Information" means personal information about Defendant Gaddy or any other current or former employee of NCDPS that is not related to the employee's job performance or duties, such as social security number, home addresses and telephone number, insurance records or designations, medical and/or disability information, and other purely private information.

    5.    **Disclosure of General Confidential Information.** General Confidential Information shall not be disclosed to anyone except:

        a.    The Court and its personnel;

        b.    The parties to this action;

        c.    Counsel for the parties to this action and employees of said counsel;

        d.    Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 7; and

---

[1] As of 1 January 2012, the North Carolina Department of Correction was consolidated into the North Carolina Department of Public Safety as the Division of Adult Correction pursuant to N.C.G.S. § 143B-6 (2011). However, the Division of Adult Correction remains a division of a state agency for purposes of immunity and its duties remain "to provide the necessary custody, supervision, and treatment to control and rehabilitate criminal offenders and thereby to reduce the rate and cost of crime and delinquency." N.C.G.S. § 143B-701 (2011).

  e.  Court reporters or videographers engaged to record depositions, hearings, or the trial in this action.

 6. **Disclosure of Attorneys' Eyes Only Confidential Information.** Attorneys' Eyes Only Confidential Information shall not be disclosed to anyone except:

  a.  The Court and its personnel;

  b.  Counsel for the parties to this action and employees of said counsel;

  c.  Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 7; and

  d.  Court reporters or videographers engaged to record depositions, hearings, or the trial in this action.

 7. **Confidentiality Agreements.** Before Confidential Information is disclosed to any person described in Paragraphs 5(d) or 6(c) of this Order, counsel for the party disclosing the information shall inform the person to whom the disclosure is to be made that Confidential Information shall be used only for the purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement.

 8. **Designation of Confidential Information**. Information shall be designated as Confidential Information in the following manner: The designation shall be made: (1) by placing the appropriate legend, "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" for General Confidential Information or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" for Attorneys' Eyes Only Confidential Information, on each page containing such information; or (2) by such other means as agreed to by the parties. The party disclosing the information shall designate the documents as confidential at or before the time of disclosure.

9. **Disputes over Designations.** If any party objects to the designation of any information as confidential, counsel for the objecting party and counsel for the designating party shall attempt to resolve the disagreement on an informal basis. If the objection is not so resolved, the objecting party may move the Court for appropriate relief. The information in question shall continue to be treated as confidential in accordance with the disputed designation unless and until the Court issues a final ruling that the information does not qualify for such a designation. The non-filing by the objecting party of a motion for relief shall not be deemed an admission that the information in question qualifies for the disputed designation.

10. **Inadvertent Disclosure of Confidential Information.** Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for each receiving party.

11. **Filing of Confidential Information Under Seal.** Before filing a document containing any Confidential Information, the filing party must confer with the other parties about how the document should be filed. If the filing party decides that the document should be sealed, the filing party shall file the document along with a motion to seal and supporting memorandum showing that the document may properly be sealed (*see, e.g., Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988)). If a party other than the filing party seeks to have the document sealed, the filing party shall file the document as a proposed sealed document. But instead of a motion to seal and supporting memorandum, the filing party shall file contemporaneously with the document a notice stating that, pursuant to this Paragraph 11, any party seeking the sealing of the document must within seven days file a

motion to seal and supporting memorandum or the document will be unsealed by the Clerk without further order of the Court.

12. **Authors/Recipients**.  Except as specifically provided herein, this Order shall not limit use by a party of its own Confidential Information, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

13. **Return of Confidential Information**.  Following the conclusion of this action, including any appeals, a party that produced Confidential Information may request in writing its return by any other party. Within sixty days after service of such a request, any party that received the Confidential Information shall either return it to counsel for the producing party or destroy it, at the election of the receiving party; provided that the information shall not be destroyed if otherwise ordered by the Court or a motion for relief from this Paragraph 13 is pending. If a receiving party elects to destroy the Confidential Information rather than returning it to the producing party, counsel for the receiving party shall provide to the producing party by the sixty day deadline a signed certification that the Confidential Information has been destroyed. This Paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys of record for each party as archival records or other attorney work-product created for any party. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this Paragraph shall remain subject to the terms of this Order.

14. **Admissibility of Information**.  Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or vitiate the admissibility under the Federal Rules of Evidence of any information subject to this

Order.

15. **Confidential Employee Information.** Pursuant to N.C.G.S. § 126-22 or -24, this Order authorizes the disclosure of confidential portions of the personnel files maintained by the NCDPS of current or former employees in accordance with the terms of this Order.

16. **Modification.** This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the Court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

The terms of this Joint Consent Protective Order have been agreed upon by the parties and each party consents to the entry of this Order. The Court hereby ALLOWS the Motion, and APPROVES and ADOPTS this Joint Consent Protective Order.

**SO ORDERED**.   Signed: July 19, 2012

_____
David S. Cayer
United States Magistrate Judge

**EXHIBIT A**
**CONFIDENTIALITY AGREEMENT**

I have read and am familiar with the terms of the Protective Order governing the disclosure of confidential information in the case of Jamey Wilkins v. Alexander Gaddy, No. 3:08-CV-00138-RJC , United States District Court for the Western District of North Carolina, Charlotte Division, and I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information obtained, whether in documentary or other form, pursuant to that Order other than for purposes of this litigation. I also agree to return to counsel of record not later than 30 days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports, or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order). I further agree to submit myself to the jurisdiction of the foregoing court, including its contempt power, for enforcement of said Order.

_____
Signature

_____
Name

_____
Date