# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL DOCKET NO. 3:08CV138-RJC-DSC

| | |
|---|---|
| JAMEY LAMONT WILKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| OFFICER ALEXANDER ) | |
| GADDY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on "Plaintiff's Application for Attorneys' Fees" (doc. 91) filed August 9, 2012, and the parties' associated briefs and exhibits. See Docs. 98, 99 and 100.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiff's Application for Attorneys' Fees be granted, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a Section 1983 action where Plaintiff Jamey Wilkins alleges that Defendant Alexander Gaddy violated his rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment by maliciously assaulting him. Plaintiff originally filed this case pro se, and it was dismissed for failing to state a claim upon which relief could be granted. Doc 3. Plaintiff appealed, and the Fourth Circuit affirmed the dismissal, holding that a prisoner cannot maintain an Eighth Amendment claim for excessive force based upon de minimis injury. Doc. 15. Plaintiff petitioned the United States Supreme Court for certiorari. In a unanimous per

curiam decision, the Supreme Court reversed the Fourth Circuit, holding that Plaintiff was entitled to bring a claim for excessive force in violation of the Eighth Amendment even where his injury was de minimis. Wilkins v. Gaddy, 559 U.S. ___ (2010).

On remand, a jury trial commenced on July 23, 2012 and concluded on July 24, 2012. The jury returned a verdict in favor of Plaintiff, awarding him ninety-nine cents in nominal damages. Doc. 88. Following return of the jury verdict, Chief Judge Robert J. Conrad, Jr., orally entered a judgment for Plaintiff in the amount of one dollar. The "Clerk's Judgment" and jury verdict were docketed on July 26, 2012. Docs. 88-89.

## II. DISCUSSION

The Civil Rights Attorneys' Fee Awards Act of 1976 provides that "[i]n any action or proceeding to enforce a provision of [the act], the court, in its discretion, may allow the prevailing party . . . a reasonable attorneys' fee." 42 U.S.C. § 1988(b). A Plaintiff "who wins nominal damages is a prevailing party under § 1988." Farrar v. Hobby, 506 U.S. 103, 109 (1992).

Plaintiff was a "prisoner" in a North Carolina correctional facility when he initiated this action "with respect to prison conditions" pursuant to 42 U.S.C. §1983. He has remained in state custody throughout the pendency of this action. Therefore, this action is subject to the restrictions in the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(d) (2012). The PLRA provides, in relevant part:

> (d) Attorney's fees.
>
> (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 2 of the Revised Statutes of the United States (42 U.S.C. 1988), such fees shall not be awarded, except to the extent that–
>
> > (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be

2

> awarded under section 2 of the Revised Statutes; and
>
> (B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
>
> (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.
>
> (2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.
>
> (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of title 18, United States Code, for payment of court-appointed counsel.

42 U.S.C. §1997e(d)(1)-(3) (2012).

The United States Court of Appeals for the Fourth Circuit has interpreted this provision of the PLRA, as applied to 42 U.S.C. §1988:

> ... § 1988 is the statutory mechanism under which Plaintiffs sought attorney's fees before the district court. Section 803 of the PLRA, however, limits the district court's ability to award attorney's fees in lawsuits brought on behalf of a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988...

Alexander S. v. Boyd, 113 F.3d 1373, 1379 (4th Cir. 1997) (internal quotations and citations omitted).

Defendant concedes that Plaintiff is a prevailing party. However, Defendant argues that 42 U.S.C. § 1997e(d)(2) sets a statutory cap on attorneys' fees at 150 percent of Plaintiff's judgment, or $1.50 in this case.

The Fourth Circuit has not addressed whether § 1997e(d)(2) sets a cap on attorneys' fees. In Shepherd v. Goord, 662 F.3d 603, 606-608 (2nd Cir. 2011), the Second Circuit recently construed

this provision and held:

> As this court previously has observed, the highlighted language in § 1997e(d)(2) is not a model of clarity. See Blissett v. Casey, 147 F.3d at 220 (noting § 1997e(d)(2)'s "unclear language"). Nevertheless, this language is not so ambiguous as to require us to resort to canons of statutory construction or to legislative history to discern its meaning. See Bruesewitz v. Wyeth LLC, 131 S.Ct. at 1081; United States v. Gray, 642 F.3d 371, 377 (2d Cir.2011). Indeed, for more than a decade, we have observed that § 1997e(d)(2) "effectively caps a defendant's liability for attorneys' fees in a prisoner's § 1983 action at 150% of a money judgment." Torres v. Walker, 356 F.3d 238, 242 (2d Cir.2004); see Blissett v. Casey, 147 F.3d at 220 (stating that § 1997e(d)(2) "appears ... to provide that [fee award] is not to be borne by the defendant to the extent it exceeds 150 percent of the judgment"). . . . We here conclude, consistent with these precedents, that § 1997e(d)(2) caps the amount of attorney's fees that a prevailing prisoner-plaintiff may recover from a defendant at 150 percent of the monetary judgment awarded, including when the judgment is only for $1.00. . .
>
> That conclusion is compelled by the statutory language. Where, as here, "a monetary judgment is awarded," § 1997e(d)(2) imposes two restrictions on the amount of fees that a prisoner-plaintiff may recover from a defendant. The first requires the district court to apply some part of the monetary judgment awarded to plaintiff, "not to exceed 25 percent," against any fee award. After this reduction, "the excess shall be paid by the defendant," but only "if the award is not greater than 150 percent of the [monetary] judgment." In sum, the plain language of § 1997e(d)(2) signals that no attorney's fee award greater than 150 percent of the monetary judgment may be entered against a defendant. To be sure, Congress might have expressed itself more clearly, but we are nevertheless satisfied that this is the most natural reading of the statute. . . .
>
> Indeed, all of our sister circuits to have construed § 1997e(d)(2) similarly have concluded that it imposes a fee cap equal to 150 percent of a monetary judgment awarded to a prisoner-plaintiff. See Boivin v. Black, 225 F.3d 36, 40 (1st Cir.2000) (construing § 1997e(d)(2) to "impose[ ] a ceiling on the defendants' liability for attorneys' fees equal to 150% of the amount of [monetary] judgment"); Parker v. Conway, 581 F.3d 198, 201 (3rd Cir.2009) (construing § 1997e(d)(2) to "limit[ ] a prevailing prisoner-plaintiff's attorney's fee award to 150 percent of the [monetary] judgment"); Volk v. Gonzalez, 262 F.3d 528, 536 (5th Cir.2001) (holding that fees-on-fees were subject to § 1997e(d)(2)'s "limitation on the judgment debtors' responsibility for fees to 150 percent of the judgment"); Walker v. Bain, 257 F.3d 660, 667 (6th Cir.2001) ("We believe that § 1997e(d)(2) must be read to limit defendants' liability for attorney fees to 150 percent of the money judgment."); Johnson v. Daley, 339 F.3d 582, 583 (7th Cir.2003) (en banc) (rejecting equal protection challenge to § 1997e(d) limitations on fee awards to prisoner-plaintiffs, including provision that "fees attributable to [monetary] relief cannot exceed 150%

of the damages"); Keup v. Hopkins, 596 F.3d 899, 905 (8th Cir.2010) (stating that circuit had "repeatedly construed" § 1997e(d)(2) "to cap awards of attorney fees in prisoner rights cases to 150% of the monetary damages awarded"); Dannenberg v. Valadez, 338 F.3d 1070, 1074–75 (9th Cir.2003) (construing § 1997e(d)(2) to impose 150–percent fee cap, but only with respect to fees incurred solely to obtain monetary damages); Robbins v. Chronister, 435 F.3d 1238, 1241–44 (10th Cir.2006) ( en banc ) (rejecting argument that "absurdity doctrine" precluded construing § 1997e(d)(2) according to its plain meaning, which "limit[s] recovery of attorney fees from the defendant to 150% of the damage award").

662 F.3d 603, 606-608 (2nd Cir. 2011).

In Barnard v. Piedmont Regional Jail Authority, No. 3:07cv566, 2009 WL 3416228, at *2 (E.D. Va. October 21, 2009), the court held that section 1997e(d)(2) "effectively caps a defendant's liability for attorney's fees in a prisoner's action at 150% of a money judgment." Id. at *2 (citing Torres v. Walker, 356 F.3d 238, 242 (2d Cir.2004); Folk v. Charrier, 262 F.3d 687, 704 (8th Cir.2001) (holding that attorney was entitled to fees of $1.50 where prisoner plaintiff recovered $1.00 in damages); Boivin v. Black, 225 F.3d 36, 46 (1st Cir.2000) (denying constitutional challenge to cap on total fees when money damages are awarded)).

Based upon these precedents, the undersigned concludes that the PLRA sets a cap on attorneys' fees at 150 percent of the money judgment. Here, Plaintiff was awarded $1.00 in damages so his attorney's fees are capped at $1.50 ($1.00 x 150%) pursuant to 42 U.S.C. § 1997e(d)(2). Section 1997e(d)(2) further requires the Court to apply a portion of the monetary judgment toward the fees awarded. While the percentage allocated cannot exceed twenty-five percent, an allocation of ten percent from the one dollar judgment, or ten cents, is imposed here. Therefore, the total amount of attorneys' fees owed to Plaintiff by Defendant is $1.40. When the judgment is paid, Plaintiff's attorneys will have to obtain the additional ten cents directly from Plaintiff.

5

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's Application for Attorneys' Fees" (doc. 91) be **GRANTED**, and pursuant to 28 U.S.C. § 1997e(d)(2), Defendant be ordered to pay Plaintiff attorneys' fees in the amount of $1.40.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties, and to the Honorable Robert J. Conrad, Jr.

      **SO RECOMMENDED**.

Signed: September 20, 2012

David S. Cayer
United States Magistrate Judge